**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                   )
      v.                       )       I.D. No. 1509010754
                                     )
CALVIN HOOKER,          )
                                     )
         Defendant.        )

Date Submitted: March 3, 2023
Date Decided: March 29, 2023

## **ORDER**

Upon consideration of Defendant's *pro se* Motion for Postconviction Relief[1] ("Postconviction Motion"), "Motion for Appointment of Counsel Under R 61(e)"[2] ("Motion for Appointment of Counsel"), and "Motion to Compel Defense Services to Supply Defendant with Materials"[3] ("Motion to Compel"); Superior Court Criminal Rule 61; statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

(1)      On April 7, 2017, a jury found Defendant guilty but mentally ill of Murder Second Degree, Aggravated Menacing, and Endangering the Welfare of a Child, and guilty of two counts of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), Carrying a Concealed Deadly Weapon

---

[1] D.I. 96.
[2] D.I. 97.
[3] D.I. 98.

("CCDW"), and Resisting Arrest.[4]

(2) By Order dated September 9, 2017,[5] effective September 14, 2015, Defendant was sentenced as follows: as to Murder Second Degree,[6] 46 years at Level V, suspended after 24 years at Level V for 6 months at Level IV Home Confinement, followed by decreasing levels of probation; as to the first count of PDWDCF, 5 years at Level V, suspended after 3 years at Level V for 2 years at Level III,[7] as to the second count of PDWDCF, 5 years at Level V, suspended after 3 years at Level V for 2 years at Level III,[8] as to Aggravated Menacing,[9] 2 years at Level V, suspended for 18 months at Level III;[10] as to CCDW, 3 years at Level V suspended for 18 months at Level III,[11] as to Resisting Arrest, 1 year at Level V, suspended for 2 years at Level III,[12] and as to Endangering the Welfare of a Child, 1 year at Level V, suspended for 2 years at Level III.[13] Defendant was sentenced to a

---

[4] D.I. 75; D.I. 77.

[5] D.I. 84.

[6] The first 15 years of this sentence are mandatory under 11 *Del. C.* § 4205(b)(1); *see also* 11 *Del. C.* § 635. Defendant was also ordered to pay a $5000 fine. D.I. 84.

[7] The first 2 years of this sentence are mandatory under 11 *Del. C.* § 4205(b)(2); *see also* 11 *Del. C.* § 1447(a). Defendant's probation on this charge is consecutive to his probation on the Murder Second Degree charge. D.I. 84.

[8] The first 2 years of this sentence are mandatory under 11 *Del. C.* § 4205(b)(2); *see also* 11 *Del. C.* § 1447(a). Defendant's probation on this charge is to be served consecutive to his sentence for the first count of PDWDCF. D.I. 84.

[9] Defendant was also ordered to pay a $500 fine and $250 in restitution. D.I. 84.

[10] Defendant's probation on this charge is consecutive to the second count of PDWDCF. D.I. 84.

[11] Defendant's probation on this charge is consecutive to Aggravative Menacing. D.I. 84.

[12] Defendant was also ordered to pay a $100 fine. Defendant's probation on this charge is consecutive to CCDW. D.I. 84.

[13] Defendant was also ordered to pay a $100 fine. Defendant's probation on this charge is consecutive to Resisting Arrest. D.I. 84.

total of 30 years of unsuspended Level V time. The defendant was placed in the custody of the Delaware Psychiatric Center ("DPC").

(3) On September 26, 2017, Defendant, through counsel, filed a direct appeal to the Delaware Supreme Court.[14] Defense counsel subsequently filed a Notice of Voluntary Dismissal on September 29, 2017. On October 2, 2017, the Supreme Court issued its Mandate dismissing the appeal.[15]

(4) Following a request by DPC, the Superior Court issued an order transferring Defendant from the custody of DPC to DOC on February 8, 2022.[16]

(5) On March 3, 2023, Defendant filed the instant motions. In his Motion for Postconviction Relief, Defendant asserts a claim of ineffective assistance of counsel.[17] Specifically, he argues that his attorney, Robert Goff ("Trial Counsel"), failed to "take timely [a]ppeal or inform a mentally ill defendant of his rights to appeal."[18] Defendant also suggests that Trial Counsel "waived" his right to appeal while he was confined at DPC and "incompetent."[19]

(6) In his Motion to Appoint Counsel, Defendant argues that he has been deprived of access to a law library or "persons trained in law" while incarcerated.[20]

---

[14] Notice of Appeal, Case No. 392, 2017, Trans. ID 61156911.
[15] D.I. 88; *see also* Supreme Court Mandate, Case No. 392, 2017, Trans. ID 61183451.
[16] D.I. 91.
[17] *Id.*
[18] *Id.*
[19] *Id.* Defendant was found guilty but mentally ill, but he was not adjudicated incompetent.
[20] D.I. 97.

He states that he was never informed of his appellate rights or his right to file a postconviction motion and asks the Court to appoint counsel to assist him in this matter.[21]

(7) In his Motion to Compel, Defendant asks the Court to compel the Office of Defense Services to provide him with "access to his trial evidence and transcripts" for the purpose of filing a motion for postconviction relief.[22] Defendant again alleges that he has been "denied access to all his case materials and access to all his case materials and access to lawyers or a law library."[23]

(8) Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are applicable.[24] A motion under this Rule may be subject to summary dismissal if it is untimely, repetitive, previously adjudicated, or procedurally defaulted.[25] Under Rule 61(i)(1), a motion must be filed no more than "one year after the judgment of conviction is final . . . ."[26] "A judgment of conviction is final . . . 30 days after the Superior Court imposes sentence."[27] Here, the Court imposed its sentence on September 8, 2017,[28] and it became final thirty days later, on October 9, 2017.

---

[21] *Id.*
[22] D.I. 98.
[23] *Id.*
[24] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[25] Super. Ct. Crim. R. 61(i)(1)-(4).
[26] Super. Ct. Crim. R. 61(i)(1).
[27] Super. Ct. Crim. R. 61(m).
[28] D.I. 81.

4

Defendant filed the instant motion on March 3, 2023, more than five years later;[29] therefore, it is procedurally barred as untimely. Accordingly, Defendant's Motion for Postconviction Relief must be **SUMMARILY DISMISSED**.

(9) The Court next considers Defendant's Motion for Appointment of Counsel, Rule 61(e)(4) sets the applicable standard for the appointment of postconviction counsel.[30] The rule affords the Court discretion to appoint counsel *only* if the following conditions are met:

> (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; (ii) the motion seeks to set aside a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (v) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (vi) specific exceptional circumstances warrant the appointment of counsel.[31]

The Rule requires that all conditions stated therein be met, so where a defendant fails to meet one condition, he will be ineligible for appointment of postconviction counsel. Defendant's motion for appointment of counsel fails because it is untimely, and the Supreme Court did not affirm his conviction on direct appeal. Accordingly, Defendant's Motion for Appointment of Counsel is **DENIED**.

---

[29] D.I. 96.
[30] Super. Ct. Crim. R. 61(e)(4).
[31] *Id.*

(10)   With respect to Defendant's Motion to Compel, the Court will treat it as a motion for expansion of the record under Rule 61(g).  Under the Rule, "[t]he judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion."[32] Because Defendant's Motion for Postconviction Relief is subject to summary dismissal, the Court finds that an expansion of the record is not warranted at this time.  Accordingly, Defendant's Motion to Compel is **DENIED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**, Defendant's Motion for Appointment of Counsel is **DENIED**, and Defendant's Motion to Compel is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:   Original to Prothonotary
      Annemarie H. Puit, DAG
      Calvin Hooker (SBI# 00610190)

---

[32] Super. Ct. Crim. R. 61(g).

6